### 7515.   DISTRICT GRAND LODGE NO. 18 etc. *v.* MILLS.

1. The court erred in admitting in evidence, as a part of the res. gestæ, a declaration of the deceased, made twenty minutes after he was shot.

2. The excerpt from the charge to the jury with reference to protecting one's family is erroneous, under the facts in the case.

DECIDED SEPTEMBER 21, 1916.

Action on insurance policy; from municipal court of Atlanta. May 3, 1916.

*C. P. Goree,* for plaintiff in error.

*T. G. Lewis, J. W. Weaver,* contra.

HODGES, J. Hattie Mills brought suit as the beneficiary of a policy of insurance on the life of Thomas Mills, who was killed in a rencounter with one Horace Roberts. The evidence showed that after the shooting Mills ate four or five biscuits and stood in the doorway. The court permitted a witness for the plaintiff to testify, in substance, that he heard Mills make a statement after he was shot; that there was great excitement and Mills was on the floor bleeding; that he asked Mills what was the matter, and Mills said, "Horace shot me for no cause, and I will tell all at the right time." This declaration was made twenty minutes after the shooting. The court charged the jury with reference to defense of one's family, as follows: "I charge you, if you believe that the plaintiff's husband did not enter into a fight voluntarily, but became involved in it by the fault of Horace Roberts, and what he did was in defense of himself or his family, then such acts on the part of the plaintiff's husband (that is, Tom Mills) would not bar her right to recover the full amount of the policy, with interest. In other words, if you believe that Tom Mills was not at fault in provoking this difficulty, that he had nothing to do with bringing it on, and acted solely in self-defense, and he died of wounds received while fighting in defense of himself and family, then you will be authorized to find a verdict for the plaintiff."

1. The declaration admitted was not a part of the res gestæ. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of res gestæ." Civil Code, § 5766; Penal Code, § 1024. Time is not the only test as to the admissibility of such declarations. It must appear that they are in the nature of exclamations, and not made after deliberation. *Augusta & Summerville R. Co. v. Randall,* 79 *Ga.* 304, 311 (4 S. E. 764). The insured walked around, stood in the door, and ate four or five biscuits after he was shot and before he made the declaration admitted. The declaration showed on its face afterthought and deliberation, in the expression, "I will tell all at the right time." The admission of this evidence was harmful error.

2. The court charged on the right of a person to defend his family. This charge was not applicable to the evidence, and should not have been given.

3. It is not probable that the other errors alleged to have been committed will recur on another trial, and this court will not consider them. *Judgment reversed.*